## WRIGHT, WILLIAMS & CO. *v.* THE TRUSTEES OF THE BANK OF THE UNITED STATES.

Where property has been sold under execution to pay mortgage debts, the mortgages upon the property to which the price was to be applied, are extinguished so far as the property is concerned, and the rights of parties are transferred to the funds. It is not therefore necessary to reinscribe the mortgages to prevent their inscription being barred by ten years' prescription.

APPEAL from the District Court of Concordia, *Farrar*, J.  *H. B. Shaw*, for appellees.  *Stacy & Sparrow*, for appellants.  The judgment of the court was pronounced by

EUSTIS, C. J.  This appeal is taken by the trustees of the late Bank of the United States and other parties, from a judgment of the Court of the Ninth District, sitting in the parish of Concordia, by which a portion of the proceeds of a sale of the Marengo plantation and slaves was ordered to be paid to the appellees, *Wright, Williams & Co.*, of New Orleans, in preference to other creditors.

The appellees were subrogated to a judgment rendered in favor of *The Mechanics and Traders' Bank of New Orleans* v. *Charles N. Rowley and wife*.  This judgment was founded upon a mortgage debt contracted by the defendants; the mortgage was recorded in March, 1840; it bore upon the plantation and slaves, the proceeds of which give rise to the present litigation, and has never been reinscribed.  The property mortgaged was seized and sold at the instance of *Daniel W. Coxe*, a creditor, whose claim took precedence of the mortgage of the appellees; the proceeds of the sale having been applied to the extinguishment of *Coxe's* mortgage, and another mortgage which also had a precedence over that of the appellees, a balance remained in the hands of the sheriff, which was adjudged to the appellees.

The contest before us is between the appellees and the Trustees of the Bank of the United States, the latter claiming precedence of a mortgage in favor of the Bank of the United States, recorded on the 24th of December, 1840, and reinscribed on the 2d of January, 1850.

The proceeds of the mortgaged property were paid to the sheriff by *Hoover*, the purchaser at sheriff's sale, who bought the property on twelve months' credit, on the 7th of August, 1847.

On the 24th of July, 1848, an opposition to the distribution of the proceeds of the property sold, was made by the Trustees of the Bank, in which they asked that *Hoover* should be notified not to pay any portion of the price of his purchase to any person except to the sheriff of the parish of Concordia, with the exception of the amount due on the *Coxe* mortgage; and at their instance, an order of court was granted, by which the sheriff was directed, after deducting the amount due *Coxe* and the other mortgage creditor having precedence, to retain in his hands, subject to the future order of the court, the proceeds of two-thirds of the Marengo plantation sold by him.

It is now contended, that the sheriff had no right to receive the amount of the purchase money from *Hoover*; that *Hoover* was bound to retain in his

WRIGHT
*v.*
TRUSTEES OF
THE BANK OF
THE U. STATES.

hands the balance, after satisfying the execution under which the sale was made, and that the payment to the sheriff must be considered as not having been made. The case of *Scott* v. *Featherston*, 5th Ann. 312, is referred to, as sustaining these positions. We are of opinion, that by the judicial proceedings of the trustees just recited, they are estopped from questioning the validity of *Hoover's* payment, and that good faith requires that the proceeds of the mortgaged property should be considered as subject to the control and direction of the court, in conformity with the order which was granted in the premises at their instance.

If the payment of the price of the property sold is a valid payment, it follows, of course, that the mortgages upon the property to which the price was of right to be applied, were extinguished, so far as the property is concerned, and that the rights of the parties were transferred 'from the property to the proceeds.

The object of the recording of mortgages is to give notice of the incumbrances on real property and slaves. There is no reason in recording a mortgage for the purpose of reaching money in the hands of a sheriff under execution, or held for distribution under an order of court. A mortgage for such a purpose, has no place in a record of mortgages, and we are not aware of any principle of law, by which any such effect can be given to it. The time when *Hoover* made his payment, was within ten years from the date of the inscription of the mortgage of the appellees. This gives it precedence over the mortgage of the Bank of the United States.

The other points made by the counsel for the trustees, we have considered, without being able to concur with the counsel as to their validity.

The judgment of the district court is therefore affirmed, with costs.